UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ALPHONSO FERGUSON,

                Plaintiff,

-against-                             MEMORANDUM AND ORDER
                                             05-CV-2563 (RJD)

WINDHAM PROFESSIONAL INC.,

                Defendant.
-----------------------------------------------------------x
DEARIE, United States District Judge.

On May 18, 2005, plaintiff filed this action alleging that defendant, the Department of Education ("DOE") improperly took his tax return as a setoff against a student loan he had already paid in full. By order dated June 1, 2005, plaintiff was granted *in forma pauperis* status and was directed to file an amended complaint that specifies whether he brought an administrative claim for a refund with the IRS. In addition, plaintiff was directed to specify what action he has taken to obtain a refund of his $196 offset and the outcome of his administrative claim.

Plaintiff failed to follow this Court's directive. Instead, plaintiff filed an amended complaint which is a duplicate of original complaint, but now names Windham Professional, Inc.,[1] as the sole defendant instead of the DOE. For the reasons, discussed below, the amended complaint is dismissed.

---

[1] An internet search indicates that Windham Professional Inc., is a service accounts receivable management company, specializing in educational collections. See http://www.windhampros.com/main.html.

## DISCUSSION

The amended complaint in its entirety states: "I payed off my student loan 2-05 and they still offset my tax refund." Amended Complaint at 1, ¶ 4. Construing plaintiff's complaint liberally, plaintiff alleges economic losses caused by the offset to his federal income tax refund. Accordingly, the action is construed as brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2671, *et seq*. Plaintiff's action under the FTCA fails for two reasons: First the Federal Tort Claims Act prescribes the conditions upon which the United States government or its employees may be sued for personal injury or loss of property. Here although plaintiff's original complaint names the DOE as defendant, plaintiff's amended complaint names a private collection agency as defendant. The United States is the only proper defendant in actions brought under the FTCA. See 28 U.S.C. §§ 2679(a), (b)(1).

Second, although 28 U.S.C. § 1346(a)(1), provides for suit in federal district courts against the United States for recovery of any internal revenue tax that is claimed to have been illegally or erroneously assessed or collected, Weisbart v. United States Dept. of Treasury, 222 F.3d 93, 94 (2d Cir. 2000); United States v. Forma, 42 F.3d 759, 763 (2d Cir. 1994), a plaintiff must satisfy certain procedural requirements, such as timely filing an administrative claim for a refund with the IRS. United States v. Dalm, 494 U.S. 596 (1990); Magnone v. United States, 902 F.2d 192, 193 (2d Cir. 1990) ("a taxpayer must bring the claim for a refund to the IRS as a prerequisite for jurisdiction"); see also 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund has been duly filed with the Secretary.").

2

"[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in § 2675 must be adhered to strictly." Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983). "Thus failure to file claims for tort damages with the appropriate agency precludes this court from exercising jurisdiction over those claims." Setlech v. United States, 816 F.Supp. 161, 165 (E.D.N.Y.1993); see also Shabtai v. United States Department of Education, 02 Civ. 8437, 2003 WL 21983025, at * 6 (S.D.N.Y. Aug. 20, 2003).

Here, the Court granted plaintiff leave to amend his complaint to specify what actions he had taken to obtain a refund. Plaintiff's amended complaint fails to provide the specific information requested. Moreover, plaintiff fails to make any factual allegations against defendant. Accordingly, plaintiff's claims are dismissed.

## CONCLUSION

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
July 7, 2005

3